# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

SANDRA LEE RODGERS,

                              Plaintiff,

            -vs-

CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,

                              Defendant.

**DECISION AND ORDER**

16-CV-6739-CJS

## APPEARANCES

For the Plaintiff:                    Elizabeth Ann Haungs, Esq.
                                           Kenneth R. Hiller, Esq.
                                           Law Offices of Kenneth Hiller
                                           6000 North Bailey Avenue, Suite 1A
                                           Amherst, NY 14226
                                           (716) 564-3288

For the Defendant:                Prashant Tamaskar, Esq.
                                           Social Security Administration
                                           Office of General Counsel
                                           26 Federal Plaza, Room 3904
                                           New York, NY 10278
                                           (212) 264-0981

                                           Kathryn L. Smith, A.U.S.A. (*oral argument*)
                                           Office of the United States Attorney
                                           for the Western District of New York
                                           100 State Street, Fifth Floor
                                           Rochester, New York 14614
                                           (585) 263-6760

## INTRODUCTION

**Siragusa, J.** Sandra Lee Rodgers ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability and

supplemental security income benefits. Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Commissioner's motion is denied and Plaintiff's motion is granted.

## PROCEDURAL HISTORY

On March 13, 2013, Plaintiff filed simultaneous claims for Title II disability benefits and Title XVI supplemental security income benefits. She alleged disability because of lumbar degenerative disc disease; chronic lower back pain with neuropathic symptoms; cervical spondylosis; migraine disorder; chronic sinusitis; status post right thyroid lobectomy; contusion of the left foot; acquired cavavalgus deformity; arthralgia of the foot and ankle; and parakeratosis. The Social Security Administration denied her claims on June 6, 2013, and she appeared before an Administrative Law Judge ("ALJ") for a hearing on February 3, 2015, at which a vocational expert also testified. Justin Goldstein, Esq., represented Plaintiff at the hearing. The ALJ issued a decision on June 15, 2015, which Plaintiff appealed. The Appeals Council affirmed the ALJ's decision on September 19, 2016, and Plaintiff commenced this appeal pursuant to 42 U.S.C. § 405(g) on November 14, 2016. The Court heard oral argument on January 11, 2018.

## THE ALJ'S DECISION

Applying the Commissioner's five-step sequential evaluation for adjudicating disability claims, 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that Plaintiff met the insured status requirements of the Act through September 30, 2015. At step one, the ALJ found she had not engaged in substantial gainful activity since January 9, 2013, which was also

the onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: lumbar degenerative disc disease; chronic lower back pain with neuropathic symptoms; and cervical spondylosis. R. 12. However, at step three, the ALJ also determined that the impairments, neither singularly or together, met or medically exceed the severity of one of the Commissioner's listed impairments.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b). He added the following restrictions: that she can *occasionally* lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk about 6 hours in an 8-hour workday; sit about 6 hours in an 8-hour workday; occasionally push and/or pull 20 pounds; occasionally climb ramps and/or stairs, occasionally balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, or scaffolds. R. 13. The ALJ determined that Plaintiff was unable to perform any past relevant work as an institutional cook. R. 15–16.

At step five, considering her age, education, work experience, and RFC, the ALJ determined that a significant number of jobs existed in the national economy that Plaintiff could perform, specifically: short order cook, pantry goods maker, and food assembler. Accordingly, the ALJ found Plaintiff not disabled. R. 17.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff argues that the ALJ erred in determining Plaintiff retained the RFC for light work, since no medical evidence supports his conclusion that she can stand, or walk, for six hours in an eight-hour day. Further, Plaintiff contends that the ALJ provided no cogent credibility determination.

### *RFC*

The Commissioner argues that an RFC determination is not a medical opinion, but an administrative assessment based on the record evidence. The ALJ relied on the medical opinion of Karl Eurenius, M.D., a consultative examiner, to support his finding that Plaintiff is capable of standing, or walking, for six hours in an eight-hour workday. The Commissioner points out that Dr. Eurenius's report identified only moderate limitations in bending, lifting, carrying, pushing, and pulling, and that the Commissioner could rely on what the record does not say: "Here, there was no medical evidence that the Plaintiff was unable to sit or stand." Comm'r Mem. of Law 11, Aug. 3, 2017, ECF No. 13. However,

> [a]n "'ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.'" *Urban v. Berryhill*, Case No.16-CV-76-FPG, 2017 WL 1289587, at *3 (W.D.N.Y. Apr. 7, 2017) (quoting *Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015)). "Thus, even though the Commissioner is empowered to make the RFC determination, '[w]here the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities,'

the general rule is that the Commissioner 'may not make the connection himself.'" *Urban*, 2017 WL 1289587, at *3 (quoting *Wilson*, 2015 WL 1003933, at *21); *see also Jermyn v. Colvin*, No. 13-CV-5093 (MKB), 2015 WL 1298997, at *19 (E.D.N.Y. Mar. 23, 2015) ("[N]one of these medical sources assessed Plaintiff's functional capacity or limitations, and therefore provide no support for the ALJ's RFC determination.").

*Dillon v. Berryhill*, No. 16-CV-0425, 2017 WL 4173355, at *2–3 (W.D.N.Y. Sept. 21, 2017).

The attorney representing Plaintiff before the ALJ pointed out that the consultative examiner did not address standing, walking, or sitting in his opinion, and argued that the legal standard "requires that we don't assume that there's no limitations in that because of the silence." R. 24. Counsel had made the same point in his prehearing memorandum. R. 222.

The case law does not support the Commissioner's argument in this case, that the absence of evidence supports the ALJ's determination:

> Instead of developing the record, the ALJ reached his RFC conclusion based, in part, on the absence of this information in the record, stating that his RFC determination "is supported by ... the lack of medical opinion evidence of any greater functional limitations." (R. 28.) However, the ALJ was not permitted to construe the silence in the record as to Plaintiff's functional capacity as indicating support for his determination as to Plaintiff's limitations. *See Rosa v. Callahan*, 168 F.3d 72, 81 (2d Cir.1999) (finding that the Commissioner of Social Security was "precluded from relying on the consultant[ ] [examiner's] omissions as the primary evidence supporting its denial of benefits"); *Felder v. Astrue*, No. 10–CV–5747, 2012 WL 3993594, at *13 (E.D.N.Y. Sept.11, 2012) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of a supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error." (citing *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347–48 (E.D.N.Y.2010))); *Collado v. Astrue*, No. 05-CV-3337, 2009 WL 2778664, at * (S.D.N.Y. Aug.31, 2009) ("[A]n ALJ cannot rely upon the absence of information in the course of rendering his or her decision." (citing *Sanchez v. Barnhart*, 329 F. Supp. 2d 445, 450 (S.D.N.Y. 2004)) (order adopting report and recommendation); *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y.2000) ("An ALJ commits legal error when he makes a residual functional capacity determination based on medical reports that do not specifically explain the scope of claimant's work-related capabilities."); *see also Carroll v. Sec. of Health & Human Servs.*, 705 F.2d 638, 643 (2d Cir. 1983) (observing that as three of the plaintiff's doctors were "never asked

> what work or activity ... he could perform ... hence [they] expressed no opinion on that subject").

*Jermyn v. Colvin*, No. 13-CV-5093 MKB, 2015 WL 1298997, at *20 (E.D.N.Y. Mar. 23, 2015).

In this case, Dr. Eurenius wrote in his "Medical Source Statement" that Plaintiff "is moderately limited in bending, lifting, carrying, pushing, or pulling due to chronic low back pain with neuropathic symptoms." R. 281. The ALJ also cited to the other doctors' reports, one of which showed that Plaintiff had a reduced range of motion of her lumbar spine, "but was able to walk on her heels and toes without difficulty." R. 14 (citing to Molly Scharf, M.D.). The ALJ also noted that Kelly Alvermann, M.D., reported that Plaintiff "showed normal strength in the upper and lower extremities" and "a normal gait and intact reflexes." R. 14. Steven Weiss, M.D., tried lumbar injections on Plaintiff's spine, which provided only temporary pain relief. R. 14 & 45. The ALJ concludes by observing that Plaintiff worked "as many as 13 hours in a single day" and was provided with only conservative treatment. R. 14.

The Court is aware that the case law supports an ALJ's RFC determination based on medical notes, even if the determination is contrary to the conclusion of the medical provider whose notes were utilized:

> The ALJ also considered Dr. Wolkoff's well-documented notes relating to Monroe's social activities relevant to her functional capacity—such as snowmobile trips, horseback riding, and going on multiple cruise vacations. Because the ALJ reached her RFC determination based on Dr. Wolkoff's contemporaneous treatment notes—while at the same time rejecting his *post hoc* medical opinion ostensibly based on the observations memorialized in those notes—that determination was adequately supported by more than a mere scintilla of evidence.

*Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8–9 (2d Cir. 2017). Here, however, other

than the example of working a 13-hour shift, nothing supports the ALJ's conclusion that Plaintiff could engage in gainful employment on a regular basis at the light exertional level. The Record contains only one reference to working for 13 hours on a Saturday, and reported that Plaintiff "sure was hurting." R. 316. At the time of the hearing, she was no longer employed at all. R. 35. Up until January 20, 2015, she had been working part time in four-hour shifts. R. 35. The Vocational Expert testified in response to counsel's questions that if Plaintiff were restricted to working four hours total, she could not perform any of the jobs about which the expert had testified. R. 52. Plaintiff also testified that when she was working, she felt "[t]ired and hurting" after her shift and would "go home a just go in my room and lay down." R. 41.

The Court agrees with Plaintiff that the absence of medical evidence that she can stand, or walk, for six hours during an eight-hour workday, is not substantial support for the ALJ's conclusion. Because of this legal error, the case must be remanded.

*Credibility Determination*

Plaintiff also argues that the ALJ did not provide sufficiently specific reasons for concluding that Plaintiff's symptoms would not produce the amount of pain to which she testified. In assessing a claimant's credibility, the ALJ must follow a two-step process. First, he must consider whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged…." 20 C.F.R. § 416.929(a). Second, if an impairment of that nature is present, the ALJ must evaluate the "intensity and persistence" of a claimant's symptoms to determine the extent to which those symptoms limit the claimant's ability to work. 20 C.F.R. § 416.929(c)(1). In assessing the claimant's credibility, the ALJ considers the following factors:

> Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (*e.g.*, lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, *etc.*); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3)(i)–(vii). As the Second Circuit has observed in a Social Security case, "A finding that the witness is not credible must nevertheless be set forth with sufficient specificity to permit intelligible plenary review of the record." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 260–61 (2d Cir. 1988). In addition, Social Security Ruling 16-3p cautions that:

> [I]t is not sufficient for [the ALJ] to make a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." It is also not enough for [the ALJ] simply to recite the factors described in the regulations for evaluating symptoms. The determination or decision must contain *specific reasons* for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.

*4 SSR 16-3p, 2016 WL 1119029, at *9 (S.S.A. Mar. 16, 2016) (emphasis added).

> Plaintiff argues that
>
>> [t]he extent of the ALJ's credibility [determination] was to assert in asides that "it bears noting that the claimant reported working during this period, including as many as 13 hours in a single day" and that it "bears emphasizing that despite claimant's treatment for cervical and lumbar disc disease, her treatment recommendations have been generally mild and conservative in nature, with no history of surgical intervention."

Pl.'s Mem. of Law 18. As indicated above, only one mention of working one 13-hour shift appears in the record, without any reference as to a date (except that the report in which that information appears was dated September 16, 2013, approximately one year and four months prior to her ALJ hearing). R. 316. The ALJ does not relate how that one long day affects Plaintiff's credibility, nor does he explain why conservative treatment makes Plaintiff less credible. The lack of aggressive medical treatment may not lead to the conclusion that an impairment is severe. Nevertheless,

> [t]he fact that a patient takes only over-the-counter medicine to alleviate her pain may, however, help to support the Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record, such as the opinions of other examining physicians and a negative MRI.

*Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008). And,

> a plaintiff may be deemed less credible "if the level or frequency of treatment is inconsistent with the level of complaints." SSR 96-7p, 1996 WL 174186, at *8 (July 2, 1996); *accord, Sickles v. Colvin,* 12-CV-0774, 2014 WL 795978, at *22 (N.D.N.Y. Feb. 27, 2014) (finding that the ALJ properly cited Plaintiff's conservative treatment as a reason for discounting Plaintiff's credibility).

*Phelps v. Comm'r of Soc. Sec.*, No. 1:15-CV-0499 (GTS), 2016 WL 3661405, at *8 (N.D.N.Y. July 5, 2016). Here, however, the ALJ failed to explain why he determined that the level and frequency of treatment Plaintiff received for back pain made her complaints less credible. Consequently, the case must also be remanded for this failure.

**CONCLUSION**

Defendant's motion for judgment on the pleadings is denied;[1] Plaintiff's motion for judgment on the pleadings, ECF No. 11, is granted. The Commissioner's decision is reversed and remanded for a rehearing pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk is directed to close this case. The Court directs the Commissioner to expedite processing on remand.

So Ordered.

Dated: January 17, 2018
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] On August 3, 2017, the Commissioner filed a "Brief in Support of her Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to the Local Standing Order on Social Security Cases," ECF No. 13, but filed no notice of motion.